UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 14-59127

SALVATORE DINOTO,                                   Chapter 7

         Debtor.                                 Judge Thomas J. Tucker
_____/

**ORDER GRANTING, IN PART, CREDITOR RPAD LLC'S MOTION TO ALLOW LITIGATION TO PROCEED IN MACOMB COUNTY CIRCUIT COURT, ETC.**

    This case came before the Court for a hearing on March 23, 2016, on creditor RPAD LLC's motion entitled "Motion to Allow Litigation to Proceed Without Debtor in Macomb County Circuit Court Case No. 14-2522-CZ and for Trustee to Administer Non-Exempt Assets" (Docket # 29, the "Motion"). For the reasons stated by the Court on the record during the hearing,[1]

    IT IS ORDERED that:

1. The Motion (Docket # 29) is granted to the extent of the relief provided in this Order, and otherwise is denied.

2. For cause and under 11 U.S.C. § 362(d)(1), the automatic stay is annulled, retroactively to the December 14, 2014 date the bankruptcy petition was filed in this case, and the automatic stay is modified, to the extent of permitting creditor RPAD LLC to: (a) seek avoidance of the alleged fraudulent transfer of real property at issue in the Macomb County Circuit Court Case No. 14-2522-CZ ("Macomb County Case"); and (b) seek in the state court(s) to liquidate the real property at issue, all for the purpose of collecting on the creditor's unpaid state court judgment against John DiNoto.

3. Because the judgment debt owing to creditor RPAD LLC by the Debtor Salvatore DiNoto was discharged in this bankruptcy case, creditor RPAD LLC may not make any attempt to collect such debt, or any other debt of Salvatore DiNoto that arose before the December 14, 2014 petition date in this case, from the Debtor Salvatore DiNoto, from the Debtor's property, or from the property of the bankruptcy estate, other than by filing a proof of claim in this bankruptcy case. Notwithstanding the foregoing, the creditor may take the actions described in paragraph 2 above and this will not be deemed to be a violation of the discharge

---

[1] The Court has ordered a transcript of the March 23, 2016 hearing.

injunction in 11 U.S.C. § 524(a).[2]

4. No later than March 30, 2016, creditor RPAD LLC must file, as a supplement to the Motion, a copy of the following items that were filed in the Macomb County Case: the complaint; the motion to amend the complaint; and the proposed amended complaint.

5. The Court makes no determination, at this time, about: (a) whether or to what extent a successful avoidance of the real estate transfer in the Macomb County Case would result in there being any property of the bankruptcy estate, *e.g.*, in the form of the Debtor Salvatore Dinoto then having an interest in the real property at issue, which would be deemed to be property of the bankruptcy estate; or (b) the Debtor's ability to exempt in whole or in part any such property of the bankruptcy estate.

6. This Order is effective immediately upon entry, and any 14-day stay of this Order that might otherwise apply under Fed.R.Bankr.P. 4001(a)(3) is waived.

**Signed on March 23, 2016**          **/s/ Thomas J. Tucker**
                                      **Thomas J. Tucker**
                                      **United States Bankruptcy Judge**

---

[2] The Court expresses no view and makes no ruling as to whether, as a matter of Michigan law, *Salvatore DiNoto's* bankruptcy discharge prevents the creditor from obtaining avoidance of the real estate transfer at issue in the Macomb County Case, as a means of collecting the creditor's state court judgment against *John DiNoto*. *Federal bankruptcy law* does not prevent the creditor from obtaining such relief in the Macomb County Case. Nor does this Order do so.