# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                                  Case No. 14-59127

SALVATORE DINOTO,                                       Chapter 7

          Debtor.                                    Judge Thomas J. Tucker

_____/

## ORDER REGARDING THE DEBTOR'S OBJECTION TO THE CLAIM OF RPAD, LLC

This case is before the Court on an objection to claim filed by the Debtor, entitled "Objection to the Claim of RPAD, LLC, Claim #9" (Docket # 80, the "Claim Objection"). The creditor RPAD, LLC filed a timely response to the Claim Objection, and the matter is scheduled for a hearing to be held tomorrow, May 10, 2017 at 1:30 p.m.

The Debtor filed a reply brief in support of the Claim Objection, labeled as a "Supplemental Brief," on May 4, 2017 (Docket # 84, the "Debtor's Reply Brief"). The Court's local rule applicable to claim objections, L.B.R. 3007-1, does not permit (or prohibit) the filing of a reply brief in support of a claim objection.[1] And in making its ultimate decision on the Claim Objection, after the scheduled hearing, the Court will consider the Debtor's Reply Brief, ***with the exceptions discussed in this Order, below.***

In Debtor's Reply Brief, among other things, the Debtor argues two entirely new grounds for disallowing the claim of RPAD, LLC. These new grounds are based on (1) a breach of fiduciary duty that Peter DiNoto allegedly committed when he purchased the judgment owned by Private Bank for himself, rather than purchasing the judgment on behalf of Little Road, LLC (Debtor's Reply Brief at 6-8); and (2) Peter DiNoto's alleged bad faith/personal vendetta motivation for purchasing the Private Bank judgment and causing RPAD, LLC to file and pursue the claim in this bankruptcy case (Debtor's Reply Brief at 11-12). There is no mention or hint of these new arguments in the Debtor's original Claim Objection (Docket # 80). So the creditor RPAD, LLC has not had an opportunity to file a written response to these arguments.

Under the circumstances, the Court will disregard Debtor's new arguments, without prejudice, in ruling on the Claim Objection. Accordingly,

IT IS ORDERED that:

1. The new arguments made for the first time in Debtor's Reply Brief (Docket # 84), identified

---

[1] L.B.R. 9014-1(f) generally permits the filing of a reply brief in support of a motion, subject to certain limitations, but that local rule does not apply to a claim objection under L.B.R. 3007-1. *See* L.B.R. 9014-1(g)(1).

in this Order above, are stricken and overruled, without prejudice to any right(s) that the Debtor, the Chapter 7 Trustee, or any party in interest may have to assert such arguments in a new objection to the claim of RPAD, LLC, or otherwise seek appropriate relief based on such arguments.

2.  The hearing on the Claim Objection, currently scheduled for May 10, 2017 at 1:30 p.m., will be held as planned, but the Court will not consider any of the Debtor's new arguments (identified above) in ruling on the pending Claim Objection.


**Signed on May 9, 2017**                    **/s/ Thomas J. Tucker**
                                             **Thomas J. Tucker**
                                             **United States Bankruptcy Judge**

2